IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Johnstown Division

| | |
|---|---|
| **WILLIAM KILLINGER**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**CORSA COAL CORPORATION** and **WILSON CREEK ENERGY, LLC,**<br><br>Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMANDED**<br><br>**ELECTRONICALLY FILED** |

Plaintiff William Killinger ("Plaintiff"), on behalf of himself and all others similarly situated, files this Class and Collective Action Complaint against Defendants Corsa Coal Corporation and Wilson Creek Energy, LLC ("Defendants"). Plaintiff alleges the following based upon personal knowledge as to his own acts, and based upon the investigation conducted by his counsel, as to other allegations, and states and alleges as follows:

**INTRODUCTION**

1. This case challenges Defendants' policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Specifically, Plaintiff alleges that he and similarly situated coal miners were not paid for all time worked at the beginning and end of their shift, including for time spent donning and doffing required clothing and equipment that occurred when they were required to be on Defendants' premises and that was and is integral and indispensable to their principal activities of coal mining. Plaintiff also alleges that he and similarly situated coal miners

were paid production bonuses that were not incorporated into the regular rate of pay for purposes of overtime compensation.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Potential Opt-In Plaintiffs").

3. Plaintiff also brings this case as a class action pursuant to Federal Rule of Civil Procedure 23 for Defendants' violations of the PMWA.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and Division, and a substantial part of the events giving rise to the claims occurred in this District and Division.

## PARTIES

6. Plaintiff is an adult individual residing in Windber, Pennsylvania.

7. Defendant Corsa Coal Corporation ("Corsa") is a corporation organized under the laws of British Columbia, Canada with its principal place of business in Friedens, Pennsylvania.

8. Defendant Wilson Creek Energy, LLC ("Wilson Creek") is a limited liability company organized under the laws of Delaware with its principal place of business in Friedens, Pennsylvania.

9. Corsa is the sole shareholder of Wilson Creek Holdings, Inc., which is the sole member of Wilson Creek. Wilson Creek Holdings, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Friedens, Pennsylvania.

10. Wilson Creek is the sole member of Maryland Energy Resources, LLC, a limited liability company organized under the laws of Delaware, with its principal place of business in Friedens, Pennsylvania.

11. The head corporate office of Corsa, Wilson Creek, Wilson Creek Holdings, Inc., and Maryland Energy Resources, LLC is located at 1576 Stoystown Road, P.O. Box 260, Friedens, Pennsylvania.

12. Corsa and its subsidiaries, including Wilson Creek and Maryland Energy Resources, LLC, operate under common ownership.

13. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendants as a non-exempt hourly employee.

14. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

15. At all relevant times, those similarly situated to Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

16. At all relevant times, Defendants are and were employers and/or joint employers within the meaning of 29 U.S.C. § 203(d).

17. At all relevant times, Defendants are and were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

18. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

19. At all relevant times, those similarly situated to Plaintiff were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

20. Plaintiff's written Consent to Join is filed in this Court at Exhibit A.

## FACTUAL ALLEGATIONS

21. Corsa and its subsidiaries and operating entities, including Wilson Creek, are in the business of mining, processing and selling metallurgical coal.

22. Defendants own and operate coal mines in Somerset County, Pennsylvania, and in bordering Garrett County, Maryland, employing over 300 employees.

23. At all relevant times, Defendants jointly controlled the terms and conditions of employment for Plaintiff and other similarly situated employees. In doing so, Defendants are jointly responsible for the human resource operations for Plaintiff and other similarly situated employees.

24. At all relevant times, Defendants suffered or permitted Plaintiff and other similarly situated employees to work for Defendants at Corsa's coal mines, and that work was for Defendants' benefit.

25. At all relevant times, the work performed by Plaintiff and other similarly situated employees was an integral part of Defendants' business.

26. At all relevant times, Plaintiff and other similarly situated employees worked for Defendants as hourly, non-exempt coal mining employees at Defendants' coal mines.

27. During their employment with Defendants, Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per workweek.

28. Plaintiff and other similarly situated employees were required to be on Defendants' premises prior to and after their paid shifts.

29. Plaintiff and other similarly situated employees put on and take off their protective equipment and clothing at the mine.

30. At all relevant times, Defendants required Plaintiff and other similarly situated employees to wear safety clothing and other protective equipment, including but not limited to, reflective uniforms, helmets, and boots.

31. At all relevant times, Defendants required that Plaintiff and other similarly situated employees gather tools and equipment, including but not limited to, gas detectors, self-rescuers, radios, locators, and other various hand tools, that were required to perform their daily job duties. These tools and equipment were stored onsite at Defendants' premises.

32. At all relevant times, Defendants required that Plaintiff and other similarly situated employees don all their safety clothing and other protective equipment and gather all their tools and equipment before the start of their scheduled shifts.

33. At all relevant times, Defendants required that Plaintiff and other similarly situated employees doff all their safety clothing and other protective equipment and put away all their tools and equipment after the end of their scheduled shifts.

34. Donning and doffing of the safety clothing and other protective equipment and obtaining and returning the tools and equipment is integral and indispensable to the work performed by Plaintiff and other similarly situated employees.

35. The donning and doffing of safety clothing and other protective equipment and obtaining and returning the tools and equipment is a component of the work that Defendants hired Plaintiff and other similarly situated employees to do.

36. The donning and doffing of safety clothing and other protective equipment and obtaining and returning the tools and equipment by Plaintiff and other similarly situated employees

is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

37. Because the donning and doffing of the safety clothing and other protective equipment and obtaining and returning the tools and equipment is integral and indispensable to the work performed by Plaintiff and other similarly situated employees, the time they spent donning and doffing their safety clothing and protective equipment and obtaining and returning their tools and equipment is compensable work time within the meaning of the FLSA.

38. For example, because Plaintiff and those similarly situated performed work underground, a locator, self-rescuer, gas detector, and radio was needed. Likewise, Plaintiff's work could not be performed without the tools that he gathered at the beginning of the day and returned at the end of the day. And given the dangerous conditions inherent in underground mining the safety clothing and other protective equipment were essential.

39. The donning of the safety clothing and other protective equipment and obtaining the tools and equipment was the first principal activity of the day performed by Plaintiff and other similarly situated employees.

40. The doffing of the safety clothing and other protective equipment and returning the tools and equipment was the last principal activity of the day performed by Plaintiff and other similarly situated employees.

41. Plaintiff and other similarly situated employees were required to be on Defendants' premises to walk to and from the area where they donned and doffed their safety clothing and other protective equipment/ obtained and returned the required tools and equipment before and after their paid shifts.

42. Within the last three years, Plaintiff and other similarly situated employees were not paid for the time they spent donning their safety clothing and other protective equipment, obtaining and putting away their tools and equipment, and required walking on Defendants' premises before the start of shift.

43. Within the last three years, Plaintiff and others similarly situated were not paid for the time they spent doffing their safety clothing and other protective equipment and putting away their tools and equipment and required walking on Defendants' premises at the end of their shift.

44. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including time spent donning and doffing safety clothing and other protective equipment and obtaining and putting away their tools and equipment, as well as associated walking.

45. Defendants could have easily recorded and tracked the time that Plaintiff and other similarly situated employees spent performing the alleged work activities before and after their shift.

46. Thus, there was no administrative difficulty of recording the time that Plaintiff and other similarly situated employees spent donning and doffing their safety clothing and other protective equipment and obtaining and putting away their tools and equipment. Defendants chose not to do so.

47. In addition, Defendants did not and do not pay Plaintiff and other similarly situated employees at least 1.5 times their regular rates of pay – based on all remuneration – for all hours they work in excess of forty (40) in a workweek.

48. Instead, Defendants paid and pay Plaintiff and other similarly situated employees non-discretionary bonuses, including production bonuses, that Defendants fail to include in these employee's regular rates of pay for the purpose of calculating their overtime rates, in violation of the FLSA and the PMWA.

49. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked at the appropriate regular rate of pay as described above, Plaintiff and other similarly situated employees were not paid all overtime compensation owed for all the hours they worked in excess of forty (40) each workweek.

50. Defendants knowingly and willfully, and/or in reckless disregard engaged in the above-mentioned violations of the FLSA. Defendants are sophisticated corporate entities, who had knowledge about the legal requirements owed to employees under the FLSA, including with respect to the obligation to pay employees for all hours worked and to include non-discretionary bonuses into the regular rate of pay for purposes of calculating overtime premiums.

51. Plaintiff and other similarly situated employees are not members of a union.

52. The total amount of uncompensated time Plaintiff and other similarly situated employees spend before and after their shift is not insignificant for these workers, who work for hourly wages; and in the aggregate, Defendants save significant sums of money by failing to pay for the time it requires employees to perform this required work on its premises. *See In re Amazon*, 255 A.3d 191 (Pa. 2021).

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendants' unlawful conduct as described above and herein.

54. The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows (the "Potential Opt-In Plaintiffs"):

> All current and former hourly coal mining employees of Corsa Coal and any of its subsidiaries at any time during the three (3) years preceding the date of the filing of

this Action to the present and who worked more than forty (40) hours in at least one workweek.

55. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

56. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ALLEGATIONS

57. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of the following proposed class:

> All current and former hourly coal mining employees of Corsa Coal and any of its subsidiaries who performed work in Pennsylvania at any time during the three (3) years preceding the date of the filing of this Action to the present and who worked more than forty (40) hours in at least one workweek.

58. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

59. The class, upon information and belief, includes more than forty individuals, all of whom are readily ascertainable based on Defendants' business records and are so numerous that joinder of all class members is impracticable.

9

60. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

61. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

62. Questions of law and fact are common to all class members, because, inter alia, this action concerns Defendants' common timekeeping, payroll, and compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

63. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT ONE
### (FLSA Overtime Violations)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Defendants are employers or joint employers covered by the FLSA's mandates.

66. At all relevant times, Plaintiff and other similarly situated employees regularly worked more than forty (40) hours per workweek for Defendants.

67. The FLSA requires that Defendants pay their hourly non-exempt employees, including Plaintiff and other similarly situated employees, overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

68. Defendants did not pay Plaintiff and other similarly situated employees for the time they spent donning and doffing their safety clothing and other protective equipment, or for their associated walking on Defendants' premises.

69. Defendants did not pay Plaintiff and other similarly situated employees for the time they spent obtaining and putting away their tools and equipment, which were required for them to perform their job duties, or for their associated walking on Defendants' premises.

70. Defendants did not pay Plaintiff and other and other similarly situated employees all overtime wages at a rate not less than 1.5 their regular rate of pay based on all remuneration for the hours worked in excess of 40 a workweek.

71. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees for time they spent donning and doffing safety clothing and other protective equipment, obtaining and putting away their tools and equipment, for the associated walking on Defendants' premises, and at the appropriate overtime rate, resulted in Defendants' failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

72. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

73. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA, and Defendants are liable for an amount equal to unpaid overtime wages at the appropriate rate, liquidated damages, and reasonable attorneys' fees and costs incurred in this action.

## COUNT TWO
### (PMWA Overtime Violations)

74.   Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75.   Defendants are employers or joint employers covered by the PMWA's mandates.

76.   Plaintiff and the class members are employees entitled to the PMWA's protections.

77.   The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *See In re Amazon*, 255 A.3d 191 (Pa. 2021).

78.   The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

79.   Defendants have violated the PMWA by failing to pay Plaintiff and other class members any compensation (including overtime premium compensation at the appropriate rate) for time they were required to be on Defendants' premises, including time spent donning and doffing safety clothing and other protective equipment, obtaining and putting away their tools and equipment, and for the associated walking on Defendants' premises.

80.   Defendants have violated the PMWA by failing to pay Plaintiff and other and other similarly situated employees all overtime wages at a rate not less than 1.5 their regular rate of pay based on all remuneration for the hours worked in excess of 40 a workweek.

81. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the PMWA, and Defendants are liable for an amount equal to unpaid overtime wages at the appropriate rate, statutory interest, and reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

82. Plaintiff demands a trial by jury on all eligible claims and issues.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Federal Rule Civil Procedure 23 on behalf of the class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to the FLSA, and the class;

D. Award actual damages for unpaid wages and prejudgment interest to the fullest extent permitted under law;

E. Award liquidated damages to Plaintiff and the Opt-Ins who join this case pursuant to the FLSA the maximum amount permitted by applicable law;

F. Award Plaintiff and the Opt-Ins who join this case pursuant to the FLSA and PMWA attorneys' fees, costs, and expenses; and,

G. Award additional relief as this Court deems just and proper.

November 25, 2024                    Respectfully submitted,

                                                 **LICHTEN & LISS-RIORDAN, P.C.**

/s/ Sarah R. Schalman-Bergen
Sarah R. Schalman-Bergen
(PA Bar ID 206211)
Krysten L. Connon
(PA Bar ID 314190)
**LICHTEN & LISS-RIORDAN, P.C.**
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Direct: (267) 256-9973
ssb@llrlaw.com
kconnon@llrlaw.com

Shannon M. Draher
**NILGES DRAHER LLC**
7034 Braucher Street, NW, Suite B
North Canton, Ohio 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

# EXHIBIT A

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

1.  I, William Killinger, hereby consent and agree and opt-in to become a plaintiff collective member in a lawsuit or arbitration brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* against my current/former employer, **Corsa Coal**, and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives.

2.  I hereby agree to be bound by any adjudication of this action by the Court or arbitrator, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by the Representative Plaintiff and my attorneys. I also understand that settlement may be subject to approval by the Court or an arbitrator, to which I similarly agree to be bound.

DATE: 11/13/2024                SIGNATURE: _____

William killinger
PRINTED NAME

▬▬▬▬▬▬▬
TELEPHONE NUMBER

▬▬▬▬▬▬▬▬▬▬▬
ADDRESS

▬▬▬▬▬▬▬▬▬
EMAIL